**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| Eugene Wojnilo, | Case No. 25-20381 (JJT) |
| Debtor. | Re: ECF Nos 1, 32 |

**MEMORANDUM OF DECISION AND**
**ORDER DISMISSING CHAPTER 13 CASE**

On April 21, 2025, the Debtor, Eugene Wojnilo, filed a Chapter 13 Voluntary Petition commencing this bankruptcy case. This is the Debtor's fourth Chapter 13 bankruptcy case. The first case was filed less than a year ago on August 22, 2024. All three prior cases were dismissed for failure to file mandatory information with this petition. For the following reasons, this case is DISMISSED WITH PREJUDICE for failure to make plan payments, failure to file information, and failure to file a confirmable Chapter 13 Plan, with a 180-day bar to refiling.

1. **Background**

On August 22, 2024, the Debtor commenced his first Chapter 13 bankruptcy case.[1] The Debtor filed his petition without providing significant documentation required under 11 U.S.C. § 521(a)(3) and 521(a)(4): a Debtor's Declaration Page, Schedules A/B-J, a Summary of Assets and Liabilities and Certain Statistical Information, a Statement of Financial Affairs, a Credit Counseling – Exigent Certificate, an Official Form B122 Means Test, or a Chapter 13 Plan. (ECF No. 1)

---

[1] See *In re* Eugene Wojnilo, No. 24-20783 (Bankr. D. Conn. 2024).

The Debtor was granted until September 5, 2024, to cure these deficiencies. (ECF No. 3) The Debtor did not cure the deficiencies, and the case was accordingly dismissed on September 12, 2024. (ECF No. 9)

On February 7, 2025, the Debtor commenced his second Chapter 13 bankruptcy case.[2] The Debtor filed his petition without again providing significant required documentation: a Debtor's Declaration Page, a List of Creditors, Schedules A/B-J, a Summary of Assets and Liabilities and Certain Statistical Information, a Statement of Financial Affairs, a Credit Counseling – Exigent Certificate, an Official Form B122 Means Test, or a Chapter 13 Plan. (ECF No. 1) The Debtor was granted until February 14, 2025, to file a List of Creditors, and until February 21, 2025, to cure the remaining deficiencies. (ECF No. 4) The Debtor filed a List of Creditors (ECF No. 9) on February 20, 2025, but did not cure the remaining deficiencies and the case was accordingly dismissed on March 3, 2025. (ECF No. 13)

On March 3, 2025, the Debtor commenced his third Chapter 13 bankruptcy case.[3] The Debtor once again filed his petition without providing significant required documentation: a Debtor's Declaration Page, a List of Creditors, Schedules A/B-J, a Summary of Assets and Liabilities and Certain Statistical Information, a Statement of Financial Affairs, a Credit Counseling – Exigent Certificate, an Official Form B122 Means Test, or a Chapter 13 Plan. (ECF No. 1) The Debtor was granted until February March 10, 2025, to file a List of Creditors, and until March 17, 2025, to cure the remaining deficiencies. (ECF No. 4) The Debtor was further

---

[2] See *In re Eugene Wojnilo*, No. 25-20133 (Bankr. D. Conn. 2025).
[3] See *In re Eugene Wojnilo*, No. 25-20204 (Bankr. D. Conn. 2025).

2

permitted to have simultaneous petitions by Order of this Court, as the Debtor's previous case had not closed solely because the Chapter 13 Trustee had not yet filed their final report. (ECF No. 8) The Debtor filed a List of Creditors (ECF No. 13) on March 14, 2025, but did not cure the remaining deficiencies and the case was accordingly dismissed on March 25, 2025.

On April 21, 2025, the Debtor commenced this fourth Chapter 13 bankruptcy case. Notwithstanding the aforesaid history and instruction, the Debtor again filed his petition without providing significant required documentation: a Debtor's Declaration Page, Schedules A/B-J, a Summary of Assets and Liabilities and Certain Statistical Information, a Statement of Financial Affairs, a Credit Counseling – Exigent Certificate, an Official Form B122 Means Test, or a Chapter 13 Plan. (ECF No. 1) The Debtor was granted until May 5, 2025, to cure the remaining deficiencies. (ECF No. 3) The Debtor was further permitted to have simultaneous petitions by Order of this Court, as the Debtor's previous case had not closed solely because the deadline to object to the Chapter 13 Trustee Final Report had not yet passed. (ECF No. 5) On May 5, 2025, the Debtor filed a Motion to Extend Deadline to File Schedules or Provide Required Information to May 13, 2025 (ECF No. 10) which the Court granted on May 7, 2025. (ECF No. 11) Therein, the Court also provided a Notice of Potential Bar to Re-Filing, which stated: " . . . the Debtor is hereby notified that failure to file the documents by **May 13, 2025** will result in dismissal of the case, with a 180-day bar to refiling for bankruptcy relief

3

pursuant to the pattern of abuse and delay evidenced by serial failures to file required documents in three prior Chapter 13 cases."

On May 13, 2025, the Debtor filed many required documents (ECF No. 13), including Schedules A/B-J, a Certificate of Credit Counseling (ECF No. 15), and a Chapter 13 Plan. (ECF No. 14) A Confirmation Hearing was accordingly scheduled for July 31, 2025. (ECF No. 17) On May 27, 2025, the Debtor filed a Motion to Extend Automatic Stay. (ECF No. 20) On May 28, 2025, the Court denied the Motion to Extend Automatic Stay (ECF No. 21), as the Motion was filed after the 30-day automatic stay pursuant to 11 U.S.C. § 362(c)(3)(A) had already expired.

On July 1, 2025, the Chapter 13 Trustee filed an Objection to Confirmation of Plan. (ECF No. 28) Therein, the Chapter 13 Trustee cited seven (7) reasons for her objection:

1. The plan "fails to provide for any plan payments, and the Debtor has made none;"
2. "The Debtor has failed to provide the Trustee with the documents necessary for her to determine if the Plan is feasible or represents the Debtor's best efforts;"
3. "The Debtor has failed to provide the Trustee with the documents necessary for her to determine if the Plan complies with 11 U.S.C. § 1325(a)(4), and provides for the distribution to unsecured claims of an amount that is not less than what they would receive in a Chapter 7 liquidation;"

4

4. "The first meeting of creditors pursuant to Section 341 of the Bankruptcy Code has not been concluded because of the Debtor's failure to provide the documents listed above;"

5. "The Plan does not conform to the claims filed;"

6. "The Plan is not feasible under Section 1325(a)(6) of the Bankruptcy Code;" and

7. "The Debtor did not serve the Plan on all creditors, in violation of Rule 3015(d) of the Federal Rules of Bankruptcy Procedure."

The Debtor did not endeavor to cure these shortcomings or file a response to the Chapter 13 Trustee's objection.

On July 31, 2025, a hearing was held on the Chapter 13 Plan. There, the Court observed that the Debtor's Chapter 13 Plan was incomplete and that the necessary documentation for the first meeting of creditors pursuant to Section 341 of the Bankruptcy Code to progress had not been provided. The Court entered an Order Denying Confirmation of Chapter 13 Plan with Leave to Amend (ECF No. 32) and noted that should an Amended Plan not be filed by August 11, 2025, the case would be dismissed with prejudice.

As of August 18, 2025, the Debtor has still not filed an Amended Plan. Regarding dismissal, this Court has previously noted that:

> While "there is no provision in section 1307 that provides for dismissal of a Chapter 13 case with prejudice. . . . '[t]he legal effects of the dismissal of a chapter 13 case are [instead] governed by section 349.'" *In re Heidel*, 2020 WL 6809805, at *3 (Bankr. D. Conn. 2020) (*quoting* 8 COLLIER ON BANKRUPTCY ¶ 1307.09 (16th ed. 2020)). "Section 349(a) of the Bankruptcy Code establishes a general rule that dismissal of a bankruptcy case is

5

> without prejudice, but at the same time expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd*, 198 F.3d 327 (2d Cir. 1999).

*In re Traylor*, 628 B.R. 1, 8 (Bankr. D. Conn. 2021).

Section 349(a) states: "Unless the court, for cause, orders otherwise, . . . the dismissal of a case under this title [does not] prejudice the debtor with regard to the filing of a subsequent petition under this title[.]" 11 U.S.C. § 349(a). Thus, "if 'cause' warrants, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *Id.* (*quoting Casse*, supra, 219 B.R. at 662).

This Court has observed that Section 349(a) is not the sole source of statutory authority for dismissal when cases arise that manifestly threaten an abuse of the bankruptcy process:

> In addition to the express authority to dismiss a case for cause provided under Section 349, Section 105(a) provides that "[n]o provision of this title shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105; *see also In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017) ("Section 105(a) is understood as providing courts with discretion to accommodate the unique facts of a case consistent with policies and directives set by the other applicable substantive provisions of the Bankruptcy Code."). Thus, Section 105(a) empowers the Court to act as necessary to prevent an abuse of the bankruptcy process.

*Id.*

Bankruptcy courts must ensure that Chapter 13 plans "ha[ve] been proposed in good faith and not by any means forbidden by law . . . ." 11 U.S.C. § 1325(a)(3). *See also Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007) ("The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but

6

unfortunate debtor."). Such determinations are made on a case-by-case basis through review of the totality of the circumstances. *In re Paulson*, 170 B.R. 496, 498 (Bankr. D. Conn. 1996). "The totality of the circumstances should take into consideration whether the debtor has abused the 'provision, purpose or spirit' of the Bankruptcy Code and whether the filing is 'fundamentally fair' to creditors." *In re Ciarcia*, 578 B.R. 495, 500 (Bankr. D. Conn. 2017). "Factors that courts have considered in determining whether a debtor has failed to pursue a Chapter 13 bankruptcy in good faith are 'whether the debtor was forthcoming with the court, whether the debtor accurately stated facts, debts, and expenses, whether the debtor misled the court through fraudulent misrepresentation, how the debtor's actions affect creditors, and whether the debtor has abused the purpose of the bankruptcy code.'" *Id.*

Here, the unvarnished facts and disregarding course of conduct of the Debtor illustrate that abundant cause exists to dismiss this case with prejudice. The Debtor has filed four separate Chapter 13 cases. Throughout all four cases, the Debtor has never provided the Court, the Chapter 13 Trustee, nor creditors with the information required for him to proceed successfully and productively in the bankruptcy process. He has not once proposed a confirmable Chapter 13 Plan. Because of these repeated filings with no apparent intent to comply with the strictures of the Bankruptcy Code, the Court determines that this case and the Chapter 13 Plan lack a good faith and legitimate bankruptcy purpose. In pursuing

7

four bankruptcy cases and in filing an unconfirmable Chapter 13 Plan, the Debtor cannot be shown to have proceeded through the bankruptcy process in good faith.

Having reviewed the totality of the facts and circumstances herein, the Court concludes that the Debtor's actions, inaction, intentions, and purpose are abusive and dilatory, and that his Chapter 13 Plan lacks good faith. Dismissal with prejudice is appropriate and necessary, and a 180-day bar to any bankruptcy refiling will be imposed during which time creditors might obtain some redress without the impediments of bankruptcy to their remedies.

In light of these findings, the Debtor's Chapter 13 case is hereby DISMISSED with prejudice. The Court finds good and sufficient cause exists to dismiss the Debtor's case with a 180-day bar to any bankruptcy refiling.

IT IS SO ORDERED at Hartford, Connecticut this 18th day of August 2025.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut